**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GO FAN YOURSELF, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| LOUVERS INTERNATIONAL, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

Plaintiff, Go Fan Yourself, LLC ("Plaintiff" or "GFY") alleges as follows against Defendant Louvers International, Inc. ("Louvers" or "Defendant") as follows:

## NATURE OF THE ACTION

This Complaint asserts a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code and is brought to with respect to Defendant's infringement of Plaintiff's United States Patent Nos. 10,316,141 ("the '141 Patent"), 10,670,026 ("the '026 Patent"), 11,028,223 ("the '223 Patent"), 11,255,336 ("the '336 Patent"), 10,221,857 ("the '857 Patent"), and 11,332,573 ("the '573 Patent"), (collectively the "GFY Patents" or "the Patents in Suit").

## THE PARTIES

1.      Plaintiff, Go Fan Yourself, LLC, is a Delaware corporation with its principal place of business at 1032 National Parkway, Schaumburg, Illinois 60173.

2.      Go Fan Yourself, LLC also does business as, and under the tradename, VividAir.

3.      GFY is in the business of designing, developing, manufacturing, marketing, and selling heating, ventilation, air-conditioning, and air purification products and systems ("HVAC").

- 1 -

GFY was founded in 2014 as a small business and has quickly grown into a leading developer and provider of HVAC products and systems.

## JURISDICTION AND VENUE

4.      GFY's claims for patent infringement against Louvers arise under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281.  This Court has original subject matter jurisdiction under 28 U.S.C. §1331 and 1338(a).

5.      Louvers is conducting business and infringing the asserted Patents, including the '857, '141, '026, '223, '336, and '573 Patents in this district and elsewhere in the United States.

6.      Defendant Louvers is an Illinois corporation with its principal place of business at 851 N. Church Ct., Elmhurst, Illinois 60126.

7.      Louvers makes, uses, offers to sell, and sells in this judicial district the Cluvaire UVC Disinfection Panel devices (the "Cluvaire UVC" devices) accused of infringement of the '857, '141, '026, '223, '336, and '573 Patents.

8.      Louvers has conducted business in this judicial district and the State of Illinois. Louvers has committed acts of patent infringement within Illinois and the Northern District of Illinois giving rise to this action.  Louvers has minimum contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

9.      This Court has personal jurisdiction over Defendant because it transacts business within this district at least by making, using, offering to sell, and/or selling, the Cluvaire UVC devices accused of infringement to customers ("Accused Devices") in Illinois and in this judicial district.  Defendant has purposefully availed itself of the privileges of conducting business within this judicial district and has established minimum contracts with the State of Illinois to the extent it should reasonably and fairly anticipate being sued in court in Illinois.

10. Louvers has a regular and established place of business in this judicial district.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) and 1400(b).

## THE PATENTS IN SUIT

12. GFY owns and has standing to enforce the '141 Patent, titled "Ceiling Tile with Built-in Air Flow Mechanism and UV Air Purifying Device," which issued on June 11, 2019.

13. GFY owns and has standing to enforce the '026 Patent, titled "Ceiling Tile with Built-in Air Flow Mechanism," which issued on June 2, 2020.

14. GFY owns and has standing to enforce the '223 Patent, titled "Ceiling Tile with Built-in Air Flow Mechanism and UV Air Purifying Device" which issued on June 8, 2021.

15. GFY owns and has standing to enforce the '336 Patent, titled "Ceiling Tile with Built-in Air Flow Mechanism," which issued on February 22, 2022.

16. GFY owns and has standing to enforce the '857 Patent, titled "Ceiling Tile with Built-in Air Flow Mechanism," which issued on March 5, 2019.

17. GFY owns and has standing to enforce the '573 Patent, titled "Combination Built-in Air Flow Mechanism and LED Kill Chamber," which issued on May 17, 2022.

18. GFY has marked the patent numbers of the Patents in Suit on certain of its pertinent products and via its website.

19. The Patents in Suit address the need to purify air within indoor environments:

The inventions address the need for circulating air within a closed environment such as a school room, a hospital room or an office. The invention provides for a circulating air within that space through a separate virus or bacteria kill chamber. There is also a need to create what is called a virus or bacteria kill chamber. The kill chamber, or kill zone, must be self-enclosed such that any UV light source does not exit the kill chamber. The present invention operates to function as a separate and supplemental air circulation apparatus separate and apart from the HVAC system that provides the heating and cooling for the specific space.

20.     The Patents in Suit relate to an air purification system that utilizes UV light to decontaminate air.  The system utilizes a fan and UV light system to clean the air in a room as the air is directed through the UV light source positioned in the air purification system which functions to kill various forms of bacteria, viruses and molds -- while protecting the people from the dangers created by the UV light source.  The description of the invention is explained in the Patents in Suit:

> The inventions include an air purifying device, comprising: an apparatus having at least one vent; a fan mounted to a housing within the apparatus; a baffle defining at least a first airway between the fan and the vent; and at least a first UV light source mounted in the first airway, wherein the first airway accommodates a UV-reflective material in at least a portion of the first airway; and wherein a first UV-screen is attached to the first airway to block UV light from exiting the airway.

****

> The present invention further addresses the need to contain the light emitted from a UV-C light source within the chamber to create the kill zone. An extensive system of barriers is utilized within the kill chamber to create a kill zone while precluding the UV-C light from exiting the kill chamber. The baffles may be coated with a reflective material to enhance the effectiveness of UV-C light within the kill chamber.

21.     One of the embodiments of the Patents in Suit is shown in the drawing below:

**Fig. 19**



22.     The embodiment of FIG. 20 shows the baffles and UV light source:

**Fig. 20A**



23.     The advantages of the irradiation zone of the GFY inventions are described in the

preferred embodiments:

the advantage of creating a "kill chamber," or "kill zone" inside the airways 2030 and 2031, where UV rays may be deflected within the kill chamber to increase their exposure to air passing through the airways 2030 and 2031, and by extension, increase the irradiation of organic matter contained in the air. Furthermore, in the embodiment of FIGS. 20A and 20B, the baffles 2040, 2042 and 2044 located in airways 1630 and/or 1631 operate to (1) shield UV rays from exiting the airways and entering an environment (such as a room or commercial space) and (2) to increase the intensity the air is exposed to the UV-C light emitted by the UV-C light source 2060, and (3) increase the duration of air flowing through the airway 2030 and 2031 is exposed to the UV-C light. The baffles 2040, 2042 and 2044 operate to extend the time that the air flows along the kill zone thus increasing the number of germs that are killed within the fixture.

24.     FIG. 16B of the GFY Patents depicts the irradiation zone:

**Fig. 16B**



25.     The benefits of utilizing a UV light to irradiate airborne germs are explained in the

GFY Patents:

> Embodiments of the invention further include the functionality of irradiating germs out of the air using UV light. Such embodiments provide the advantage of not only circulating air in an environment, but also killing viral, bacterial, and fungal species which may be living in the environment's air. It is known the UV light degrades organic materials, but inorganic materials (including metals or glass) are not affected by UV light. Therefore, UV light is effective for reducing organic matter which may be airborne in the air. Reducing airborne contaminants may be important in any environment, but especially in hospitals or schools, which may be particularly susceptible to disease. Regardless of the environment, disinfecting the air of contaminants is helpful to reduce the spread of disease.

26.     Two examples of the claims of the Patents in Suit are set forth below. For

example, claim 14 of the '223 Patent sets forth the benefits of the invention:

> 14.  An air purifying device comprising:
>
> a face-plate configured the size of a ceiling tile, wherein the face-plate includes a fan portion and a vent portion;
>
> a cover attached to the face-plate forming an air chamber between the face-plate and the cover;
>
> a fan positioned in the fan portion of the face-plate, wherein said fan directs air through the air chamber to the vent portion;
>
> a UV-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber; and
>
> a baffle positioned in proximity to the kill zone in the air chamber wherein the baffle is configured to direct air to the kill zone and prohibit the UV light from exiting the kill zone.

Likewise, claim 11 of the '141 Patent recites:

> 11.  An air purifying device comprising:
>
> a lower baffle configured the size of a ceiling tile, wherein the lower baffle includes a fan portion and a vent portion;
>
> an upper baffle adjacent the lower baffle configured to form an air chamber between the lower baffle and the upper baffle;

a fan positioned in the fan portion of the lower baffle, wherein said fan directs air between the air chamber and the vent portion; and

a U-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber capable of killing bacteria, viruses or microbes contained in air passing through the kill zone.

## **THE LOUVERS UVC PRODUCTS**

27.     Defendant makes, uses, advertises, offers to sell, and sells a line of products called the Louvers Cluvaire Disinfection Panel Devices (the "Cluvaire UVC" or the "Accused Devices").



28.     The Cluvaire UVC product line having the infringing UVC technology includes at least the following product model numbers: CLUV-22-36W-NL-U, CLUV-22-36W-WL-U, CLUV-24-36W-NL-U, CLUV-24-36W-WL-U.

29.     The Cluvaire UVC product is an air purification and disinfection device that utilizes light-based purification and precision airflow to purify air in an indoor environment.  Defendant's website indicates that the Cluvaire UVC product "utilizes a standalone UVC deactivation chamber with airflow technology and an LED-backlit flat panel light fixture."
 (https://louversintl.com/uvc-air-sanitizers/).

30.     The Cluvaire UVC product is installed in the ceiling tile grid of a building and operates to eliminate airborne viruses, mold, and bacteria from the air in indoor environments including without limitation schools, restaurants, retail stores, airports, transportation facilities, medical offices, reception areas, lobbies, hallways, bathrooms, break rooms, offices, bullpens, meeting rooms, and dining areas:



31.     The Cluvaire UVC product, "sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light chamber, then expelling the clean air down into the room." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

32.     Within the Cluvaire UVC product "UVC is chambered inside the fixture with no chance of exposure to human eyes or skin." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

33.     The Cluvaire UVC utilizes a fan system to circulate air through the fixture:



34.     The Cluvaire UVC device utilizes a UV-C light fixture to form a kill zone within the chamber:



35.     The Cluvaire UVC's in-ceiling applications, which work independently of an HVAC system, allow treated air to be dispersed precisely where desired.

36.     Louvers proclaims that the design of the Cluvaire UVC is innovative: "This innovative family of UVC air sanitizer products has been in the works for quite some time. We took the time to develop a line of air sanitizing products to complement different scenarios in buildings and added features beneficial for everyone that passes by or installs one of these fixtures." (https://louversintl.com/uvc-air-sanitizers/).

37.     On May 7, 2024, GFY sent a letter via email and Federal Express mail to Derek Wall, Louvers's Chief Executive Officer, accusing the Cluvaire UVC devices of infringing certain claims of the Patents in Suit. In its letter, GFY included claim charts detailing the infringement of the '141, '026, '223, and '336 Patents by the Cluvaire UVC products, as well as copies of the '141, '026, '223, and '336 Patents. The claim charts showed infringement of claim 11 of the '141 Patent, claim 1 of the '026 Patent, claim 14 of the '223 Patent, and claim 1 of the '336 Patent by the Cluvaire UVC products.

38.     GFY received no response from Louvers regarding GFY's May 7, 2024 infringement notice.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,316,141

39.     GFY incorporates all prior allegations as if set forth fully herein.

40.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

41.     GFY is the owner of all right, title, and interest in the '141 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

42.     The '141 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

43.     Defendant makes, uses, offers to sell, and sells a line of products called the Cluvaire UVC products.

44.     Defendant has directly infringed and continues to directly infringe one or more claims of the '141 Patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 1, 3, 11-13, 15-17 without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the Cluvaire UVC.

45.     Claim 11 of the '141 patent recites:

An air purifying device comprising:

a lower baffle configured the size of a ceiling tile, wherein the lower baffle includes a fan portion and a vent portion;

an upper baffle adjacent the lower baffle configured to form an air chamber between the lower baffle and the upper baffle;

a fan positioned in the fan portion of the lower baffle, wherein said fan directs air between the air chamber and the vent portion; and

a UV-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber capable of killing bacteria, viruses or microbes contained in air passing through the kill zone.

46.     The Cluvaire UVC is an air purifying device: "Active Air Disinfection utilizing Germicidal UVC Technology sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light chamber, then expelling the clean air down into the room." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

47.     The Cluvaire UVC is designed to fit into a standard dropped ceiling grid: "The panels can be easily installed into a 2×2 or 2×4 grid ceiling." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

48.     The Cluvaire UVC has a lower baffle configured the size of a ceiling tile:



49.     The Cluvaire UVC includes a fan portion and a vent portion as part of the lower baffle.





50. The Cluvaire UVC has an upper baffle adjacent to the lower baffle configured to form an air chamber between the lower baffle and the upper baffle.

51. The Cluvaire UVC includes an air chamber between the lower baffle and the upper baffle:





52. The Cluvaire UVC has a fan positioned in the fan portion of the lower baffle, wherein said fan directs air between the air chamber and the vent portion.

53. The Cluvaire UVC includes a fan positioned in the fan portion of the lower baffle to direct air between the air chamber and the vent portion.



54. The Cluvaire UVC has a UV-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber capable of killing bacteria, viruses or microbes contained in air passing through the kill zone.



55. The UVC kill zone of the Cluvaire UVC is shown below:



56.     The UV light operates to kill bacteria, viruses or microbes contained in the passing air: "Active Air Disinfection utilizing Germicidal UVC Technology sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light chamber, then expelling the clean air down into the room." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).



57.     The Cluvaire UVC satisfies each and every element of at least claims 1, 3, 11-13, 15-17 of the '141 Patent.

58.     GFY has complied with the notice provisions of 35 U.S.C. § 287.  Defendant has had notice of the '141 Patent and knowledge of its infringement thereof since at least May 7, 2024.

59.     Defendant has been aware of the '141 Patent and its infringement thereof, yet it has continued its unlicensed and unauthorized infringement with no regard to the '141 Patent or GFY's rights under the '141 Patent.

60.     GFY has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is liable to GFY in an amount that adequately compensates it for Defendant's infringement, which, by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

61.     Defendant has committed direct infringement as alleged in Count I at least through the making, use, sale, and/or offer for sale of the infringing Cluvaire UVC products.

62.     Defendant has induced infringement as alleged in Count I at least through inducing the use of the infringing Cluvaire UVC products by at least Louvers and/or Louvers' customers.

63.     Defendant's infringement of the '141 Patent has been willful, deliberate, and objectively reckless.

64.     Defendant's actions complained of herein will continue unless they are enjoined by this Court.

65.     Defendant's infringement of the '141 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's patented technology. Defendant has continued to infringe the '141 Patent despite an objectively high likelihood that its actions constitute infringement of the '141 Patent and a subjective knowledge or obviousness of such risk.

66.     This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 10,670,026

67.     GFY incorporates all prior allegations as if set forth fully herein.

68.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

69.     GFY is the owner of all right, title, and interest in the '026 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

70.     The '026 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

71.     Defendant makes, uses, offers to sell, and sells a line of products called the Cluvaire UVC .

72.     Defendant has directly infringed and continues to directly infringe one or more claims of the '026 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 7-8 and 10-16 without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the Cluvaire UVC.

73.     Claim 7 of the '026 patent recites:

An air circulation device, comprising:

a housing configured to fit within a ceiling tile grid;

a fan mounted in the housing;

an air chamber positioned within the housing adjacent the fan;

a vent in the housing wherein air from the fan enters the air chamber and proceeds through the vent;

a UV light source capable of emitting UV light rays positioned in the air chamber; and

a UV light screen positioned in the air chamber shielding the UV rays emitted from the UV light source from exiting the air chamber.

74. The Cluvaire UVC is an air purifying device: "Active Air Disinfection utilizing Germicidal UVC Technology sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light chamber, then expelling the clean air down into the room." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

75. The Cluvaire UVC is designed to fit into a standard dropped ceiling grid: "The panels can be easily installed into a 2×2 or 2×4 grid ceiling." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

76. The Cluvaire UVC has a housing configured to fit within a ceiling tile.



77. The Cluvaire UVC has an air chamber positioned in the housing.



78. The Cluvaire UVC has a UV light source capable of emitting UV light rays positioned in the air chamber: The Cluvaire UVC product, "sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light chamber, then expelling the clean air down into the room." "We use 36-Watt Philips germicidal UVC lamps with a peak wavelength of 253 nanometers for disinfection."

(https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).



79.     The Cluvaire UVC has a UV kill chamber which includes a UV light screen adapted to shield UV light generated by the UV light source from exiting the air chamber.

80.     The Cluvaire UVC has a UV reflective material in the air chamber.

81.     The Cluvaire UVC satisfies each and every element of at least claims 7-8 and 10-16 of the '026 Patent.

82.     GFY has complied with the notice provisions of 35 U.S.C. § 287.  Defendant has had notice of the '026 Patent and knowledge of its infringement thereof since at least May 7, 2024, the date it received the letter from GFY.

83.     Defendant has been aware of the '026 Patent and its infringement thereof, yet has continued its unlicensed and unauthorized infringement with no regard to the '026 Patent or GFY's rights under the '026 Patent.

84.     GFY has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is liable to GFY in an amount that adequately compensates it for Defendant's infringement, which, by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

85.     Defendant has committed direct infringement as alleged in Count II at least through the making, use, sale, and/or offer for sale of the infringing Cluvaire UVC products.

86.     Defendant has induced infringement as alleged in Count II at least through inducing the use of the infringing Cluvaire UVC products by at least Louvers and/or Louvers customers.

87.     Defendant's infringement of the '026 Patent has been willful, deliberate, and objectively reckless.

88.     Defendant's actions complained of herein will continue unless they are enjoined by this Court.

89. Defendant's infringement of the '026 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's patented technology. Defendant has continued to infringe the '026 Patent despite an objectively high likelihood that its actions constitute infringement of the '026 Patent and a subjective knowledge or obviousness of such risk.

90. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

**COUNT III – INFRINGEMENT OF UNITED STATES PATENT NO. 11,028,223**

91. GFY incorporates all prior allegations as if set forth fully herein.

92. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

93. GFY is the owner of all right, title, and interest in the '223 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

94. The '223 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

95. Defendant makes, uses, offers to sell, and sells a line of products called the Cluvaire UVC .

96. Defendant has directly infringed and continues to directly infringe one or more claims of the '223 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 1-7, 10-11 and 14-17 without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the Cluvaire UVC.

97. Claim 14 of the '223 patent recites:

An air purifying device comprising:

a face-plate configured the size of a ceiling tile, wherein the face-plate includes a fan portion and a vent portion;

a cover attached to the face-plate forming an air chamber between the face-plate and the cover;

a fan positioned in the fan portion of the face-plate, wherein said fan directs air through the air chamber to the vent portion;

a UV-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber; and

a baffle positioned in proximity to the kill zone in the air chamber wherein the baffle is configured to direct air to the kill zone and prohibit the UV light from exiting the kill zone.

98.     The Cluvaire UVC is an air purifying device: "Active Air Disinfection utilizing Germicidal UVC Technology sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light chamber, then expelling the clean air down into the room." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

99.     The Cluvaire UVC is designed to fit into a standard dropped ceiling grid: "The panels can be easily installed into a 2×2 or 2×4 grid ceiling." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/)."

100.    The Cluvaire UVC has a face-plate configured the size of a ceiling tile, wherein the face-plate includes a fan portion and a vent portion.



101.    The Cluvaire UVC has a cover attached to the face-plate forming an air chamber between the face-plate and the cover: "The air travels inside the fixture and is irradiated by UVC light, which is hidden away for human eye safety."



102.    The Cluvaire UVC has a fan positioned in the fan portion of the face-plate, wherein said fan directs air through the air chamber to the vent portion. "So as the air gets drawn into the

chamber, we have the proper fluence intensity which is the time it takes to deactivate pathogens and expel the clean air back into the room." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).



103. The Cluvaire UVC has a UV-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber: "Active Air Disinfection utilizing Germicidal UVC Technology sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light chamber, then expelling the clean air down into the room." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

104. The Cluvaire UVC has a baffle positioned in proximity to the kill zone in the air chamber wherein the baffle is configured to direct air to the kill zone and prohibit the UV light from exiting the kill zone: "It's also completely safe as UVC is chambered inside the fixture with no chance of exposure to human eyes or skin." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

105.    The Cluvaire UVC satisfies each and every element of at least claims 1-7, 10-11 and 14-17 of the '223 Patent.

106.    GFY has complied with the notice provisions of 35 U.S.C. § 287.  Defendant has had notice of the '223 Patent and knowledge of its infringement thereof.

107.    Defendant has been aware of the '223 Patent and its infringement thereof, yet has continued its unlicensed and unauthorized infringement with no regard to the '223 Patent or GFY's rights under the '223 Patent.

108.    GFY has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is liable to GFY in an amount that adequately compensates it for Defendant's infringement, which, by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

109.    Defendant has committed direct infringement as alleged in Count III at least through the making, use, sale, and/or offer for sale of the infringing Cluvaire UVC products.

110.    Defendant has induced infringement as alleged in Count III at least through inducing the use of the infringing Cluvaire UVC products by at least Louvers and/or Louvers customers.

111.    Defendant's infringement of the '223 Patent has been willful, deliberate, and objectively reckless.

112.    Defendant's actions complained of herein will continue unless they are enjoined by this Court.

113.    Defendant's infringement of the '223 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's patented technology. Defendant has continued to infringe the '223 Patent despite an objectively

high likelihood that its actions constitute infringement of the '223 Patent and a subjective knowledge or obviousness of such risk.

114.     This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## COUNT IV – INFRINGEMENT OF UNITED STATES PATENT NO. 11,255,336

115.     GFY incorporates all prior allegations as if set forth fully herein.

116.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

117.     GFY is the owner of all right, title, and interest in the '336 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

118.     The '336 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

119.     Defendant makes, uses, offers to sell, and sells a line of products called the UVC Disinfection Lay-in LED Troffer.

120.     Defendant has directly infringed and continues to directly infringe one or more claims of the '336 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 1-2, 7, 10-11 and 13-16 without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the Cluvaire UVC.

121.     Claim 10 of the '336 patent recites:

An air circulation device, comprising:

a housing configured to fit into a structure of a building;

a first fan mounted in the housing;

an air chamber positioned within the housing adjacent the fan;
an air inlet in the housing wherein air from the fan enters the air chamber and proceeds through a vent;

- 26 -

a UV light source capable of emitting UV light rays positioned in the air chamber; and

a UV light screen positioned in the air chamber shielding the UV rays emitted from the UV light source from exiting the air chamber.

122. The Cluvaire UVC is an air purifying device: "Active Air Disinfection utilizing Germicidal UVC Technology sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light chamber, then expelling the clean air down into the room." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

123. The Cluvaire UVC is designed to fit into a standard dropped ceiling grid: "The panels can be easily installed into a 2×2 or 2×4 grid ceiling." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

124. The Cluvaire UVC has a fan mounted in the housing.



125.    The Cluvaire UVC has a UV light source capable of emitting UV light rays positioned in the air chamber: The Cluvaire UVC product, "sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light chamber, then expelling the clean air down into the room." "We use 36-Watt Philips germicidal UVC lamps with a peak wavelength of 253 nanometers for disinfection."

(https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

126.    The Cluvaire UVC has a UV light screen positioned in the air chamber shielding the UV rays emitted from the UV light source from exiting the air chamber.

127.    The Cluvaire UVC has a UV kill chamber which includes a UV light source and a UV-shield adapted to block UV light generated by the UV light source from exiting the air chamber.

128.    The Cluvaire UVC has UV reflective material.



129.    The Cluvaire UVC satisfies each and every element of at least claims 1-2, 7, 10-11 and 13-16 of the '336 Patent.

130.    GFY has complied with the notice provisions of 35 U.S.C. § 287. Defendant has had notice of the '336 Patent and knowledge of its infringement thereof since at least May 7, 2024.

131.    Defendant has been aware of the '336 Patent and its infringement thereof, yet has continued its unlicensed and unauthorized infringement with no regard to the '336 Patent or GFY's rights under the '336 Patent.

132.    GFY has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to GFY in an amount that adequately compensates it for Defendant's infringement, which, by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

133.    Defendant has committed direct infringement as alleged in Count IV at least through the making, use, sale, and/or offer for sale of the infringing Cluvaire UVC products.

134.    Defendant has induced infringement as alleged in Count IV at least through inducing the use of the infringing Cluvaire UVC products by at least Louvers and/or Louvers customers.

135.    Defendant's infringement of the '336 Patent has been willful, deliberate, and objectively reckless.

136.    Defendant's actions complained of herein will continue unless they are enjoined by this Court.

137.    Defendant's infringement of the '336 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's patented technology. Defendant has continued to infringe the '336 Patent despite an objectively high likelihood that its actions constitute infringement of the '336 Patent and a subjective knowledge or obviousness of such risk.

138.    This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

**COUNT V – INFRINGEMENT OF U.S. PATENT NO. 10,221,857**

139. GFY incorporates all prior allegations as if set forth fully herein.

140. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

141. GFY is the owner of all right, title, and interest in the '857 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

142. The '857 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

143. Defendant makes, uses, offers to sell, and sells a line of products called the Cluvaire UVC .

144. Defendant has directly infringed and continues to directly infringe one or more claims of the '857 patent in this judicial district and elsewhere in Illinois and the United States, including at least claim 10 without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the Cluvaire UVC.

145. Claim 10 of the '857 patent recites:

An air purifying device, comprising:

a ceiling tile having at least one vent;

a fan mounted to the ceiling tile;

a baffle defining at least a first airway between the fan and the vent; and

at least a first UV light source mounted in the first airway, wherein the first airway accommodates a UV-reflective material in at least a portion of the first airway; and wherein a first UV-screen is attached to the first airway to block UV light from exiting the airway.

146. The Cluvaire UVC is an air purifying device: "sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light

chamber, then expelling the clean air down into the room." "We use 36-Watt Philips germicidal UVC lamps with a peak wavelength of 253 nanometers for disinfection."

(https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

147.    The Cluvaire UVC is designed to fit into a standard dropped ceiling grid: "The panels can be easily installed into a 2×2 or 2×4 grid ceiling." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

148.    The Cluvaire UVC has a housing configured to fit within a ceiling tile.



149.    The Cluvaire UVC has a ceiling tile having at least one vent and a fan portion in the tile.



150.    The Cluvaire UVC has a baffle defining a first airway between the fan and the vent:



151.    The Cluvaire UVC includes a UVC light source, mounted in the first airway, wherein the first airway accommodates a UV-reflective material in at least a portion for the first airway; and wherein a first UV-screen is attached to the first airway to block UV light from exiting the airway.



152.   The Cluvaire UVC satisfies each and every element of at least claim 10 of the '857 Patent.

153.   GFY has complied with the notice provisions of 35 U.S.C. § 287. Defendant has had notice of the '857 Patent and knowledge of its infringement thereof.

154.   Defendant has been aware of the '857 Patent and its infringement thereof, yet has continued its unlicensed and unauthorized infringement with no regard to the '857 Patent or GFY's rights under the '857 Patent.

155.    GFY has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to GFY in an amount that adequately compensates it for Defendant's infringement, which, by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

156.   Defendant has committed direct infringement as alleged in Count V at least through the making, use, sale, and/or offer for sale of the infringing Cluvaire UVC products.

157.   Defendant has induced infringement as alleged in Count V at least through inducing the use of the infringing Cluvaire UVC products by at least Louvers and/or Louvers customers.

158.     Defendant's infringement of the '857 Patent has been willful, deliberate, and objectively reckless.

159.     Defendant's actions complained of herein will continue unless they are enjoined by this Court.

160.     Defendant's infringement of the '857 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's patented technology. Defendant has continued to infringe the '857 Patent despite an objectively high likelihood that its actions constitute infringement of the '857 Patent and a subjective knowledge or obviousness of such risk.

161.     This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 11,332,573

162.     GFY incorporates all prior allegations as if set forth fully herein.

163.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

164.     GFY is the owner of all right, title, and interest in the '573 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

165.     The '573 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

166.     Defendant makes, uses, offers to sell, and sells a line of products called the Cluvaire UVC .

167.     Defendant has directly infringed and continues to directly infringe one or more claims of the '573 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 1-2 and 13-19  without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the Cluvaire UVC.

168.    Claim 13 of the '573 patent recites:

An air purifying device comprising:

a recessed fixture configured to fit into a ceiling wherein the recessed fixture includes a housing portion, a fan portion and a vent portion; wherein the housing portion of the recessed fixture including an upper baffle and a lower baffle, the upper baffle and lower baffle form a UV-C kill chamber;

a fan positioned in the fan portion of the recessed fixture, wherein said fan directs air into a fan chamber, UV-C kill chamber and through the vent portion;

a UV-C light fixture positioned within the UV-C kill chamber wherein the UV-C light fixture emits light in the spectrum to kill viruses within the UV-C kill chamber; and

a light protection plate positioned in proximity to an exit of the kill chamber at the vent to prohibit the UV light emitted from the UV-C light source from exiting the kill chamber.

169.    The Cluvaire UVC is an air purifying device: The Cluvaire UVC product, "sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light chamber, then expelling the clean air down into the room." "We use 36-Watt Philips germicidal UVC lamps with a peak wavelength of 253 nanometers for disinfection." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

170.    The Cluvaire UVC is designed to fit into a ceiling: "The panels can be easily installed into a 2×2 or 2×4 grid ceiling." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

171.    The Cluvaire UVC includes a recessed fixture configured to fit into a ceiling.

172.    The Cluvaire UVC has a recessed fixture that includes a housing portion, a fan portion and a vent portion:



173.    The Cluvaire UVC has housing portion, wherein the housing portion of the recessed fixture includes an upper baffle and a lower baffle.

174.    The Cluvaire UVC has an upper baffle and a lower baffle that form a UV-C kill chamber.

175.    The Cluvaire UVC includes a fan positioned in the fan portion of the recessed fixture, wherein said fan directs air into a fan chamber, UV-C kill chamber and through the vent portion.



176.     The Cluvaire UVC includes a UV-C light fixture positioned within the UV-C kill chamber wherein the UV-C light fixture emits light in the spectrum to kill viruses within the UV-C kill chamber: "Active Air Disinfection utilizing Germicidal UVC Technology sanitizes the air or deactivates the mold, viruses, or bacteria airborne by drawing air into the system, passing through the UVC light chamber, then expelling the clean air down into the room." (https://louversintl.com/clean-uvc-active-air-disinfection-hybrid-light-fixtures/).

177.     The Cluvaire UVC has a light protection plate positioned in proximity to an exit of the kill chamber at the vent to prohibit the UV light emitted from the UV-C light source from exiting the kill chamber.

178.     The Cluvaire UVC satisfies each and every element of at least claims 1-2 and 13-19 of the '573 Patent.

179.     GFY has complied with the notice provisions of 35 U.S.C. § 287.

180.     Defendant has been aware of the '573 Patent and its infringement thereof, yet has continued its unlicensed and unauthorized infringement with no regard to the '573 Patent or GFY's rights under the '573 Patent.

181.     GFY has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is liable to GFY in an amount that adequately compensates it for Defendant's infringement, which, by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

182.     Defendant has committed direct infringement as alleged in Count VI at least through the making, use, sale, and/or offer for sale of the infringing Cluvaire UVC products.

183.     Defendant has induced infringement as alleged in Count VI at least through inducing the use of the infringing Cluvaire UVC products by at least Louvers and/or Louvers customers.

184.   Defendant's infringement of the '573 Patent has been willful, deliberate, and objectively reckless.

185.   Defendant's actions complained of herein will continue unless they are enjoined by this Court.

186.   Defendant's infringement of the '573 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's patented technology. Defendant has continued to infringe the '573 Patent despite an objectively high likelihood that its actions constitute infringement of the '573 Patent and a subjective knowledge or obviousness of such risk.

187.   This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Go Fan Yourself LLC, requests that this Court find in its favor and against Defendant, Louvers Lighting, Inc., and grant Plaintiff the following relief:

A.   That Judgment be entered that Defendant has infringed each of the claims asserted at trial of the '857, '141, '026, '223, '336 and '573 Patents, literally or under the doctrine of equivalents;

B.   A judgment that the '857, '141, '026, '223, '336 and '573 Patents are valid and enforceable;

C.   That, in accordance with 35 U.S.C. § 283, Defendant and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from (1) infringing and/or inducing infringement of the GFY Patents and (2) making, using, selling, and offering for sale the Cluvaire UVC;

D.     An award of damages, sufficient to compensate Plaintiff for Defendant's infringement under 35 U.S.C. § 284, including an award of enhanced damages up to three times the amount found or assessed;

E.     That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its attorneys' fees;

F.     Costs and expenses in this action;

G.     An award of prejudgment and post-judgment interest; and

H.     Such other and further relief as the Court may deem just and proper.


## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.


Dated: June 17, 2025

Respectfully submitted,


*/s/ Patrick F. Solon*
Patrick F. Solon
Nicholas D. Niro
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
(312) 236-0733
solon@vvnlaw.com
nniro@vvnlaw.com

*Attorneys for Plaintiff Go Fan Yourself, LLC*